BACH *v.* TUCH.

(*Supreme Court, General Term, First Department.* June 26, 1890.)

1. SALE—RESCISSION—PURCHASER'S INSOLVENCY.
    That the purchaser of goods on credit knew that he was insolvent does not entitle the seller to rescind, and replevy the goods, unless the insolvency was of such a hopeless character that the purchaser must have known that he would not be able to pay for the goods when the credit expired.

2. SAME—FALSE REPRESENTATIONS.
> Representations made by the purchaser to persons other than the seller as to his
> financial condition cannot be considered as made with a fraudulent intent, in the
> absence of proof that he defrauded any of the persons to whom they were made.

Exceptions from circuit court, New York county.

Action by Elias Bach against Simon Tuch as assignee for benefit of cred-
itors of Rudolph Moeller. A verdict was directed for defendant, and plaintiff
moves for a new trial on exceptions to be heard in first instance at general
term. For former report, see 7 N. Y. Supp. 611.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Townsend, Dyett & Einstein,* (*B. F. Einstein,* of counsel,) for plaintiff.
*Seaman & Spader,* (*E. E. Wise,* of counsel,) for defendant.

VAN BRUNT, P. J. This action was in replevin, brought to recover the
possession of certain personal property. The goods were taken from the
sheriff, and delivered to the plaintiff, who still holds them. It appeared upon
the trial that on the 27th of October, 1885, the plaintiff sold and delivered to
one Moeller the merchandise in question, for which Moeller gave his promis-
sory note, which was tendered to the defendant at the trial, and refused.
Two months after the sale Moeller made an assignment to the defendant, Tuch,
for the benefit of creditors, in which he gave various preferences. The plain-
tiffs commenced an action in the city court of New York for the purchase
price of said goods, and obtained and issued an attachment therein against
Moeller on the ground of fraudulent statements made by Moeller at the time
of and for the purpose of inducing the sale and the fraudulent removal of
his property. In the affidavit upon which the attachment was granted, Bach,
one of the plaintiffs, set forth various representations made by Moeller, and
then alleges that said representations so made were false and untrue in every
particular, and the defendant must have known the same were untrue when
he made the same. This attachment was vacated by the general term of the
city court,[1] and the suit discontinued. The plaintiff then began this suit in
replevin, after making demand for their goods upon the sheriff, on the ground
that they now desired to rescind the sale of the goods for the price of which
they had begun the attachment suit. Upon this state of facts the jury were
directed to render a verdict for the defendant for the return of the goods, and
for damages for their retention. To this direction exception was taken, which
exception was ordered to be heard in the first instance at the general term.

We see no error in the disposition of the case by the circuit court. The
only evidence tending to show fraud offered upon the part of the plaintiff was
that of an expert accountant, tending to prove what the books of Moeller
showed as to his financial condition at or about the time of the sale. This
evidence showed that he was probably at that time insolvent, but this insol-
vency was not of such an utter and hopeless character as would justify any
finding by a jury that any purchase of goods made by him was fraudulent,
and with intent not to pay for the same. There was nothing shown in his
condition which could possibly justify a finding that Moeller knew that he
could not pay for the goods at the time the credit expired. It is not sufficient
that a debtor should know that he was insolvent, but that insolvency must be
of that extreme character, in order to avoid a sale, that the debtor must have
known that he must fail before the time for the payment of the goods arrived.
The evidence in this case shows no such condition, and there was nothing
which would justify a jury in coming to any such conclusion.

It is claimed by the expert that stale claims aggregating a large amount ap-
pear upon these books, which made the defendant Moeller hopelessly insolvent;
but there is no proof whatever in this case going to show that at the time

[1] Not reported.

these goods were bought the financial condition of these debtors of the defendant were of such a character as that he had no reasonable ground to suppose that he might make collections. There is no evidence whatever of any representation in respect to the defendant's condition at the time of this purchase. It is true that the plaintiffs sought, by proof of representations to other parties of M'oeller's financial condition, to show that he had a fraudulent intention, but there is no evidence whatever that he defrauded any of the persons to whom such representations were made; and, if he did not, then it is clear that these representations could not be considered as made with a fraudulent intent. We see no reason to interfere with the rulings of the court below, and the exceptions should be overruled, and judgment entered upon the verdict for the defendant, with costs. All concur.